ORIGINAL

**CV 19-2059**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NUR TALANT-UULU
Plaintiff,

-against-

ARS NATIONAL SERVICES INC.
Defendant.

---

**Complaint**
Jury Trial: Yes

**COGAN, J.**

## Preliminary Statement

1. This is an action for damages brought from violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq* and the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq*

## Parties

2. Plaintiff Nur Talant-Uulu ( hereinafter "Plaintiff" or "Nur"), is a natural person and a citizen of the State of New York who resides within this district. His current address is 1925 Quentin Rd. Apt. 6M, Brooklyn, NY 11229. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Upon information and belief, Defendant's ARS National Services Inc. ( hereinafter "ARS") principal place of business is located at 201 W Grand Ave, Escondido, CA 92025. Defendant ARS regularly collect or attempt to collect debts owed to or alleged to be owed to others. ARS's principal business is collection of debts. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

RECEIVED APR 09 2019 PRO SE OFFICE

### Jurisdiction and Venue

4. The jurisdiction of this Court is conferred by 28 U.S.C. §1331, 15 U.S.C. 1692k(d) and 15 U.S.C. §1681p.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Factual Allegations
### (FDCPA)

6. The alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

7. Upon information and belief, on a date better known by Defendant, ARS began to attempt to collect an alleged consumer debt from the Plaintiff.

8. On or about April 9, 2018, Plaintiff received a collection letter from Defendant seeking to collect a balance allegedly incurred for personal purposes. (See Exhibit 1)

9. The said letter represented two settlement offers which stated: "Payment One: $223.74 by 3/30/2018" and "Payment Two: $223.74 by 4/29/2018".

10. Defendant ARS also stated "We are not obligated to renew this payment offer."

11. Defendant stated the above language in order to create a sense of urgency in Plaintiff and make him think that he was under a deadline to pay the debt.

12. Defendant's letter is misleading and deceptive in that its statements imply a time deadline.

13. Defendant's letter contained offer to settle by a specified date and made it appear that such an offer is a "one-time, take-it-or-leave-it offer," when in fact the debt holder is prepared to make

2

other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.

14. Upon information and belief, there was no time deadline; rather, Defendant made these statements solely to create a false sense of urgency by the Plaintiff.

15. At all times herein, Defendant's written communications to Plaintiff were false, deceptive, and misleading.

16. Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

17. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

18. Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

19. Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under §1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

20. Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

21. Defendant's use of an illusory and arbitrary deadline was meant to deceive the Plaintiff to make a prompt payment.

22. Defendant claimed that its settlement offer in the said letter was strictly contingent upon payment being received in the amount(s) stated in the said letter by the due date stated, but upon information and belief, Defendant's time deadline is artificial. The Defendant intended to give the false impression that if the consumer does not pay the settlement offer by the deadline, then the consumer will have no further chance to settle their debt for less than the full amount.

23. Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.

24. The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."

25. Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.

26. A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.

27. Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector.

28. A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

29. The clear intention of the said letter is to pressure the Plaintiff to come up with money before the illusory misleading deadline runs out.

30. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

31. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

32. The said letter is a standardized form letter.

33. Plaintiff immediately disputed the alleged debt and requested validation of the debt in writing on or about April 9, 2018

34. Defendant replied on or about April 27, 2018 by attaching a random billing statement by Capital One Bank dated 02/24/17-03/23/17.

35. All that was written on the billing statement for the period 02/24/17-03/23/17 is a large "new balance of $1,278.46".

36. Defendant's letter and conduct is in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f for engaging in deceptive, misleading, and unfair practices.

37. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

38. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

39. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

40. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

41. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

42. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

44. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

45. As an actual and proximate result of the acts and omissions of ARS, Plaintiff has suffered including but not limited to, mental anguish, stress, fear, emotional stress, acute embarrassment and humiliation for which he should be compensated in an amount to be established by a jury at trial.

## COUNT I
### Violations of the Fair Debt Collection Practices Act

46. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty six (46) herein with the same force and effect as if the same were set forth at length herein.

47. Plaintiff asserts that the Defendants' collection actions and conduct in an attempt to collect alleged debt violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692g and 1692f by engaging in deceptive, misleading, and unfair practices.

48. Defendant violated the FDCPA. Defendant's violations with respect to the above said means to collect or attempt to collect alleged debt include, but are not limited to, the following:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

   (b) 15 U.S.C. § 1692e Any other false, deceptive, or misleading representation or means in connection with the debt collection;

   (c) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

7

(d) Responding to a consumer's request to validate a debt pursuant to section 15 U.S.C. §1692g with incomplete information in violation of §15 U.S.C. 1692f.

49. Furthermore, Defendant ARS failed to provide important verification rights within 5 days of initial communication in violation of 15 U.S.C. 1692g, 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

50. Section 1692(k) of the FDCPA states:

"(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result

of such failure;

(2) (A) in the case of any action by an individual, such

additional damages as the court may allow, but not

exceeding $1,000;"

51. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. Because the Defendants violated numerous provisions of the Fair Debt Collection Practices Act, the Plaintiff is entitled to actual and statutory damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant ARS National Services Inc., and award damages, for which let execution issue, as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k) in the amount of 1,000$;

(b) Actual damages, pursuant to 15 U.S.C. §1692k;

(c) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(d) Any other relief that this Court deems appropriate and just under the circumstances.

### FACTUAL ALLEGATIONS
### (FCRA)

53. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c)

54. TransUnion is a credit reporting agency (hereinafter "CRA") within the meaning of the FCRA, 15 U.S.C. §1681a(f).

55. Consumer credit report is a consumer credit report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

56. ARS is a furnisher of information governed by the FCRA, 15 U.S.C. § 1681s-2.

57. Upon information and belief, ARS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers through its agents, subsidiaries or affiliates.

58. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

59. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

9

60. Plaintiff has never had any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant ARS.

## COUNT II
### Violation of the Fair Credit Reporting Act

61. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above with the same force and effect as if the same were set forth at length herein.

62. On December 15, 2017 ARS obtained the TransUnion consumer credit report for Plaintiff without a permissible purpose in violation of the FCRA, 15 U.S.C. §1681b. (See page 9 of Exhibit 2)

63. At no time did the Plaintiff give his consent for ARS to acquire his consumer credit report from any credit reporting agency.

64. The actions of Defendant obtaining the consumer credit report of Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of the Plaintiff's right to privacy.

65. Furthermore, the actions of Defendant obtaining the consumer credit report of Plaintiff without a permissible purpose or Plaintiff's consent was a negligent violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of the Plaintiff's right to privacy.

66. The Defendant had the duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

67. As a result of ARS's willful practice of violating the FCRA, ARS is liable under FCRA, 15 U.S.C. §1681n for actual, statutory and punitive damages in an amount sufficient to deter ARS from engaging in this kind of illegal practice in the future.

WHEREFORE, Plaintiff respectfully requests judgement for damages against ARS National Services Inc. and $1,000 for actual damages, statutory damages, and punitive damages, attorney's fees and costs, and any other relief that this Court deems appropriate and just under the circumstances, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

### Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04. 09. , 2019.

Signature of Plaintiff _____

Printed Name of Plaintiff ____NUR TALANT-UULU____

# EXHIBIT 1

Department19
P.O. Box 1259
Oaks, PA 19456

ARS National Services Inc.
PO Box 469046
Escondido, CA 92046-9046
(800) 665-3128 FAX: (866) 422-0765
Live Chat and Online Payments:
www.PayARS.com

March 13, 2018

NUR TALANT
1925 QUENTIN RD APT 6M
BROOKLYN NY 11229-2359

**ACCOUNT IDENTIFICATION**
Creditor: CAPITAL ONE BANK (USA), N.A.
Account No.: ************9444
ARS Reference No.: 35908284
Balance: $1,278.46

## SETTLEMENT OPTION

Dear Sir/Madam:

We want to help you find a resolution for the above-referenced account. Below are just two of many payment options available.

1. Settle your account at 35% of the balance in two installments:
   (If you cannot make the settlement payment by the dates below, please contact us to discuss alternative arrangements.)

   Payment One: $223.74 by 3/30/2018     Payment Two: $223.74 by 4/29/2018

2. Down payment with payment plan:
Enclose a good faith down payment of $127.85 and then send monthly payments of $63.93 until the balance is paid in full. If you cannot make the payments by the 25th of each month, please contact us to discuss alternative arrangements.

We reserve the right to treat any missed or late settlement payment as a cancellation of the settlement agreement. We are not obligated to renew this settlement offer. Upon receipt of your final payment, ARS and our client will consider this account either paid in full or settled based on the option chosen.

To make a payment or review other options on this account 24 hours a day, please visit our website at www.PayARS.com. ARS also offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS 35908284), and Moneygram "Express Payment" (Receive Code: 2473). Please be advised that Western Union and MoneyGram may charge a fee for their payment services. Payments can be mailed to the ARS Escondido, CA address above.

Please call your account representative at (800) 665-3128 for any questions. Our office hours are Monday through Friday, 8:30 a.m. - 10:00 p.m. and Saturday 9:00 a.m. - 5:00 p.m. (Eastern Time).

Sincerely,
Cathryn Valles
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

(SEE REVERSE SIDE FOR IMPORTANT INFORMATION)

1 of 1

109968-CP4FLR-1156

# EXHIBIT 2

Requested On: 09/10/2018

**2ND FACTACT FREE DISC**
P O BOX 1000
CHESTER, PA 19016
Phone number not available

Requested On: 08/14/2018

**FACTACT FREE DISCLOSURE**
P O BOX 1000
CHESTER, PA 19016
(800) 916-8800

Requested On: 05/03/2018

~~CAVALRY PORTFOLIO SERVIC~~
500 SUMMIT LAKE DRIVE
~~VALHALLA, NY 10595~~
(800) 501-0909

Requested On: 02/12/2018

**ARS NATIONAL SERVICES**
POB 463023
ESCONDIDO, CA 92046
(800) 936-7214

Requested On: 12/15/2017

**NORTHSTAR PRIM CRED CRDS**
4285 GENESEE STREET
CHEEKTOWAGA, NY 14225
Phone number not available

Requested On: 11/03/2017

~~CLIENT SERVICES INC~~ C
3451 HARRY S TRUMAN BLVD
ST CHARLES, MO 63301
(800) 521-3236

Requested On: 05/12/2017
~~Permissible Purpose: COLLECTION~~

Requested On: 08/14/2018, 05/03/2018

~~CAVALRY PORTFOLIO SERVIC~~
500 SUMMIT LAKE
SUITE 400
~~VALHALLA, NY 10595~~
(800) 501-0909

Requested On: 08/09/2018

~~MIDLAND CREDIT MGMT~~
~~2365 NORTHSIDE DRIVE~~
SUITE 300
SAN DIEGO, CA 92108
(800) 825-8131

~~08/14/2017, 04/28/2017, 03/28/2017~~
~~Permissible Purpose: COLLECTION~~

~~PORTFOLIO RECOVERY ASS~~O
~~140 CORPORATE BLVD~~
NORFOLK, VA 23502
(844) 675-3407

~~Requested On: 02/04/2018~~

**TRANSUNION INTERACTIVE IN**
100 CROSS ST
STE 202
SAN LUIS OBISPO, CA 93401
(844) 580-6816

Requested On: 12/08/2017

~~FIRSTSOURCE ADVANTAGE LL~~C
~~205 BRYANT WOODS SOUTH~~
AMHERST, NY 14228
(800) 486-9164

Requested On: 09/08/2017

~~MCCARTHY BURGESS W~~
26000 CANNON RD
CLEVELAND, OH 44146
(440) 735-5100

Requested On: 03/22/2017

## Additional Information

The following disclosure of information might pertain to you. This additional information may include Special Messages, Office of Foreign Assets Control ("OFAC") Matches, Inquiry Analysis, Military Lending Act ("MLA") Covered Borrower Information, and/or Third Party Supplemental Information. Authorized parties may also r information below from TransUnion.